William D. Parrish et al.

v.

Erie Ins. Co.,
d/b/a Erie Ins. Group

December 18, 2003

Case No. LM-2258-4

BY JUDGE RANDALL G. JOHNSON

This action is before the court on defendant's motion for summary judgment. At issue is whether an insurance policy obligated the insurer to defend the insureds in two lawsuits brought against the insureds by third parties.

The motion for judgment alleges that the plaintiffs, William Parrish, Edna Parrish, and McGuire Motors, Inc., were insured under a "Garage Auto Insurance Policy" issued by the defendant, Erie Insurance Co. The policy included coverage for claims for damages resulting from the operation of the premises located at 1701 Broad Rock Boulevard in Richmond. While the policy was in effect, two separate lawsuits were filed against two of the insureds arising out of events that took place at the Broad Rock premises. One suit was filed by Robert Hinson against William Parrish. The other was filed by the Estate of Dottie Ellis and Able Towing, Inc., against William Parrish and Edna Parrish. Erie refused to defend either suit. The insureds allege that such refusal has caused them to suffer a substantial financial loss that must be paid by Erie. Erie denies that it breached the policy.

The policy states:

We will pay for damages because of bodily injury or property damage for which the law holds anyone we protect responsible and which are covered by your policy. We cover only bodily injury and property damage which occurs during the policy period. The bodily injury or

property damage must be caused by an occurrence which takes place in the covered territory.

Policy at 23 (bold type in original).

The policy also states:

"Occurrence" means an accident, including continuous or repeated exposure to the same general, harmful conditions.

Policy at 7 (bold type in original).

The motions for judgment in the underlying suits, although not identical, are very similar. Robert Hinson alleged that he was a tow truck operator who picked up and stored vehicles unlawfully parked in private and restricted areas. He had an office and a storage lot on the Broad Rock premises that he leased from William Parrish. During the lease period, and at a time when approximately 58 cars and Hinson's tow truck were on the lot, Parrish, claiming that Hinson was late in paying his rent, locked Hinson out of the premises, causing Hinson to lose "several thousand dollars in business and in waste to the unguarded, unprotected cars in storage." Hinson Motion for Judgment at 3. The motion for judgment contained two counts. Count I was for conversion, Hinson claiming that Parrish exercised "an intentional, unauthorized, unlawful and unjust dominion and control over the personal properties belonging to your plaintiff and those under his custody and control. . . ." *Id.* at 4. Count II was titled "Constructive Negligent Breach of Bailment." In that count, Hinson claimed that when he was finally allowed back on the property, his personal property had been "wasted or stolen." *Id.* at 5. Hinson further claimed that Parrish's "absolute failure ... to exercise due care of the chattel [*sic*] belonging to the plaintiff resulted in the almost complete loss of same." *Id.*

In the suit brought by the Estate of Dottie Ellis and Able Towing against William Parrish and Edna Parrish, the plaintiffs alleged that Dottie Ellis was the sole owner of Able Towing which, like Hinson, was in the business of towing and storing vehicles. Their business was also located at the Broad Rock premises, which the motion for judgment claims to have been rented from William Parrish and Edna Parrish. The Motion for judgment alleges that the Parrishes, claiming that the plaintiffs were late paying their rent, locked them out of the premises and that, as a result, the plaintiffs lost "many thousand dollars in business and in waste to the unprotected cars in storage which were under the custody and control of the defendants." Ellis Motion for Judgment at 3. The Ellis motion for judgment was in four counts. Count I claimed conversion. Count II claimed "negligence per se," plaintiffs claiming

that the defendant's locking them out of the premises without a pay or quit notice or a court order constituted negligence. Count III, titled "Negligence," claimed that the defendants had a duty to give the plaintiffs notice of the their intent to lock the plaintiffs out of the premises and that their failure to do so constituted negligence. Count IV, like Count II of Hinson's motion for judgment, alleged "constructive negligent breach of bailment." And like Count II of the Hinson motion for judgment, Count IV of the Ellis motion for judgment alleged that when the plaintiffs were finally allowed to return to the premises, all of their personal property had been "wasted or stolen." Ellis Motion for Judgment at 8. This was due, according to the motion for judgment, to the defendants' failure to "maintain even the minimum standard for the property being held by them." *Id.* at 9.

Under Supreme Court Rule 3:19, summary judgment is appropriate when there are no material issues of fact genuinely in dispute, and the court agrees with Erie that, as a matter of law, the conversion counts of the underlying motions for judgment state claims that are not covered by the insurance policy. Conversion is an intentional act. It is not an accident, which the Supreme Court of Virginia has defined as "an event that takes place without one's foresight or expectation; an event that proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected." *American National Ins. Co. v. Dozier*, 172 Va. 376, 379-80, 2 S.E.2d 282 (1939) (*quoting* 14 Ruling Case Law, "Insurance," § 418, p. 1238). *See also Dixon v. Norfolk S. B. etc. Corp.*, 182 Va. 185, 187 28 S.E.2d 617 (1944) ("The definition of accident generally assented to is an event happening without any human agency, or, if happening through human agency, an event which, under the circumstances, is unusual and not expected by the person to whom it happens.") Because Erie's policy only covered accidents, Erie had no duty to defend the present plaintiffs on the conversion counts.

Erie also had no duty to defend the present plaintiffs with regard to the "negligence per se" and "negligence" counts of the Ellis suit. Contrary to their titles, those counts also allege an intentional act: locking the plaintiffs out of the premises without prior notice. Such act is not an accident.

The court disagrees with Erie about the counts titled "Constructive Negligent Breach of Bailment." Those counts allege that the present plaintiffs had a duty to exercise at least some care for the personal property that was located on the premises when the former plaintiffs were locked out. If that is true and if it is also true that the former plaintiffs' personal property was lost or damaged because of the present plaintiffs' failure to exercise the required level of care, then such loss or damage would be "accidental" within the definitions set out above. In that case, it would appear that Erie had a duty to

defend. The court cannot grant summary judgment on that issue at this stage of the proceedings.

The court will grant summary judgment in favor of Erie with regard to plaintiff McGuire Motors, Inc. McGuire Motors was not named as a defendant in either of the underlying lawsuits, and the present motion for judgment alleges no facts that would entitle it to a judgment against Erie. It will be dismissed from the present action.